IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
---

MARK PETERS and RAQUEL PETERS,

                     Plaintiffs,                     OPINION & ORDER

v.

                                                   14-cv-647-wmc

ORRIN WOODWARD *et al.*,

                     Defendants.

---

      Plaintiffs Mark and Raquel Peters brought this lawsuit in Wisconsin state court alleging that the defendants are involved in a "multi-level marketing" business enterprise, Signature Management Team, LLC ("TEAM"), which misrepresented the character of certain business opportunities and ultimately stripped plaintiffs of much of their income. Defendants removed to this court on September 25, 2014. (*See* dkt. #1.) Plaintiffs have since moved to remand to state court, arguing that (1) this court lacks subject matter jurisdiction, (2) removal was premature, and, alternatively, (3) defendants waived their right to removal by their conduct in state court. (Dkt. #6.) While expressing no opinion on many of plaintiffs' arguments, the court agrees that it lacks subject matter jurisdiction over this matter at present and will grant the motion to remand.

BACKGROUND

      Plaintiffs filed this action in Jefferson County Circuit Court against TEAM and several of its principals in February of 2014. TEAM, as well as two of its principals, Orrin Woodward and William Lewis, were properly served. Plaintiffs also attempted to serve defendant Eric Blomdahl, although he subsequently moved the state court for an

order finding that he was not personally served, contrary to the process server's attestation. In support of Blomdahl's motion, his wife, Jen Blomdahl, who was also a named defendant in the suit at that time, averred that the process server had in fact given the summons and complaint to her. Plaintiffs did not serve several of the other, individually named defendants.

Jefferson County Circuit Judge William F. Hue permitted the parties to take discovery relating to service of process and held a hearing. On September 23, 2014, he issued a memorandum decision that found that the process server had actually handed the summons and complaint to Jen Blomdahl, who in turn gave them to her husband. Judge Hue also found as a matter of Wisconsin law that Jen Blomdahl, as a named party defendant, was *not* permitted to serve any documents related to the case and so could not have served Eric Blomdahl herself. *See* Wis. Stat. § 801.10(1). "Therefore," the court held, "due process has been denied and this Court has not obtained personal jurisdiction over [Eric Blomdahl] under the theory that he was personally served on May 6, 2014." (Sep. 23, 2014 Memorandum Decision (dkt. #33-26) 3 [hereinafter "Memorandum"].)

On July 22, 2014 -- before Judge Hue's decision issued, but after the motion challenging service was filed -- plaintiffs filed and served an amended complaint. (*See* dkt. #33-10.) The amended complaint eliminated Jen Blomdahl as a party, but not Eric. Moreover, at some point before the evidentiary hearing took place on the challenge to service of the original summons and complaint on Eric Blomdahl, plaintiffs served the amended summons and complaint on him. Accordingly, plaintiffs argued to the circuit court that even if service was initially improper, Eric Blomdahl should not be dismissed

from the suit because he had since been properly joined and served. In his September 23 memorandum, Judge Hue referred to the possible validity of this new service but chose not to address plaintiffs' argument to this effect, because it was "not [one of the] current issues pending before the Court at present." (Memorandum at 3.)

Two days after Judge Hue issued his ruling, defendants Woodward, Lewis and TEAM filed their notice of removal pursuant to 28 U.S.C. §§ 1332 and 1441. The notice correctly states that only those three defendants had been properly served with the original complaint and that Blomdahl had successfully challenged service by motion. (Notice of Removal (dkt. #1) ¶¶ 3-4.) It goes on to plead the parties' citizenship as follows:

> 7. Plaintiffs Mark Peters and Raquel Peters are residents of and domiciled within the State of Wisconsin, residing at W3143 Green Isle Drive, Fort Atkinson, Wisconsin.
>
> 8. Defendant Orrin Woodward is a resident of and domiciled within the State of Florida, residing at 12184 Riverbend Road, Port Saint Lucie, Florida.
>
> 9. Defendant William P. Lewis, III, a/k/a Bill Lewis is a resident of and domiciled within the State of Michigan, residing at 9296 Warwick Woods Court, Grand Blanc, Michigan.
>
> 10. Defendant Signature Management Team, LLC, d/b/a "TEAM," is a limited liability company organized and existing under the laws of Nevada with its principal place of business at 4072 Market Place, Flint, Michigan. Signature Management Team, LLC, d/b/a "TEAM" is owned 100% by Sky Scope Team, Inc., a Nevada corporation with its principal place of business in Michigan.

(*Id.* at ¶¶ 7-10.)

The Notice of Removal does *not* plead the citizenship of unserved defendants Timothy Marks, Chris Brady or George Guzzardo, nor does it plead the citizenship of Eric Blomdahl (although all are included in the caption). Rather, it concludes that "[b]ecause Plaintiffs and the *properly joined and served* Defendants are citizens of different states, there is complete diversity of citizenship." (*Id.* at ¶ 11 (emphasis added).) Although the case had already been removed to federal court on November 6, 2014, plaintiffs also filed their notice in state court, purporting to appeal Judge Hue's ruling "in an abundance of caution," challenging the circuit court's finding that it had not obtained personal jurisdiction over Eric Blomdahl. (Dkt. #33-28.)

On February 4, 2015, the court of appeals dismissed that appeal. After concluding that the removal had divested the state court of jurisdiction pursuant to 28 U.S.C. § 1446(d), the state court went on to hold that even absent that defect, the appeal would still be dismissed for lack of finality:

> The September 23, 2014 memorandum decision does not use any language that dismisses Blomdahl from the action. It concludes that personal service of the complaint on Blomdahl was not accomplished and the court did not obtain personal jurisdiction over Blomdahl by service attempted May 6, 2014. The decision acknowledges the Peters' assertion that Blomdahl should not be dismissed from the action because he was properly served with their amended complaint but notes that service of the amended complaint is not part of the 'current issues pending before the court at present.' In the absence of any language which expressly dismisses or adjudicates the entire matter in litigation as to Blomdahl, the September 23, 2014 decision is not a final order or judgment from which an appeal can be taken.

(Opinion & Order (dkt. #38) 3-4); *see also Wambolt v. West Bend Mut. Ins. Co.*, 2007 WI 35, ¶ 34, 299 Wis. 2d 723, 728 N.W.2d 670 ("'Deciding' a case in the sense of merely

4

analyzing legal issues and resolving questions of law does not dispose of an entire matter in litigation as to one or more parties. Rather, consistent with Wis. Stat. § 808.03(1), the circuit court must act by explicitly dismissing or adjudging the entire matter in litigation as to one or more parties.").

Finally, according to the Amended Complaint, Marks and Brady reside in Florida; Guzzardo resides in Arizona; and Blomdahl resides in Wisconsin. (*See* Am. Compl. (dkt. #33-10) ¶¶ 3-4, 6, 8.)

OPINION

I.  **Law of Removal**

"Federal courts are courts of limited jurisdiction." *Int'l Union of Operating Eng'rs, Local 150 v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009) (citations omitted). Unless a complaint alleges complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000, or raises a federal question, the case must be dismissed for want of jurisdiction. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802 (7th Cir. 2009). Those seeking to invoke federal jurisdiction -- in this case, defendants Woodward, Lewis and TEAM -- bear the burden of establishing that jurisdiction is present. *Id.* at 802-03. "Courts should interpret the removal statute narrowly[.]" *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993). "Any doubt regarding jurisdiction should be resolved in favor of the states." *Id.*

The parties devote substantial space to briefing the motion to remand, with plaintiffs raising four separate bases for remand and defendants opposing them at length.

5

The court need not address most of these arguments, however, because defendants fail to overcome the first of these hurdles: as best the court can discern, complete diversity is lacking in this case.

Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants[.]" 28 U.S.C. § 1441(a). Thus, "[d]efendants may remove an action on the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all named defendants[.]" *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005). On the other hand, if any plaintiff *shares* citizenship with any defendant, diversity is destroyed, and jurisdiction cannot lie under § 1332. *See Krueger v. Cartwright*, 996 F.2d 928, 931 (7th Cir. 1993).

Here, plaintiffs are citizens of Wisconsin, and according to the complaint, defendant Eric Blomdahl resides in Wisconsin as well. While it is domicile, not residence, that determines a person's citizenship, *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012), there appears to be no dispute that Blomdahl's domicile is likewise Wisconsin.

Defendants attempt to circumvent this fundamental problem in their notice of removal, which states that all "properly joined and served" defendants are diverse from plaintiffs, but that is the wrong inquiry.[1] For purposes of determining whether diversity exists, it is immaterial under federal law whether a named defendant has been properly

---

[1] Perhaps defendants are confusing the requirement that only *served* defendants must join in the notice at the time of removal, *see* 28 U.S.C. § 1446(b)(2)(A), but, as explained above, this does not remove the express requirement under § 1332 that the controversy be "between citizens of different states" -- served or unserved.

6

served. *See Pullman Co. v. Jenkins*, 305 U.S. 534, 541 (1939) ("[T]he fact that the resident defendant has not been served with process does not justify removal by the non-resident defendant."); *Howell ex rel. Goerdt v. Tribune Entm't Co.*, 106 F.3d 215, 217-18 (7th Cir. 1997) (rejecting argument that party never served could be ignored for diversity purposes; "in the federal judicial system a party becomes a defendant not when he is served but when the complaint naming him is filed"); *Kohn v. Blackpowder Prods., Inc.*, No. 07-C-112-C, 2007 WL 5595957, at *1 (W.D. Wis. Oct. 25, 2007) ("It does not matter for the purpose of determining citizenship that defendant Employers has not been served formally with plaintiff's complaint").[2]

## II.     State Diversity at Time of Removal

Thus, the operative question is whether Eric Blomdahl was a defendant on September 25, 2014, when defendants filed their notice of removal. At the time the parties briefed this question, the answer was not entirely clear. Judge Hue's Memorandum went so far as to find defective service of process of the original complaint on the non-diverse defendant Blomdahl, but quite deliberately went no further. Instead,

---

[2] *Accord N.Y. Life Ins. Co. v. Deshotel*, 142 F.3d 873, 883 (5th Cir. 1998) ("A non-resident defendant cannot remove an action if the citizenship of any co-defendant, joined by the plaintiff in good faith, destroys complete diversity, regardless of service or non-service upon the co-defendant."); *Pecherski v. Gen. Motors Corp.*, 636 F.2d 1156, 1160 (8th Cir. 1981) ("[T]he prevailing view is that the mere failure to serve a defendant who would defeat diversity jurisdiction does not permit a court to ignore that defendant in determining the propriety of removal."); *Clarence E. Morris, Inc. v. Vitek*, 412 F.2d 1174, 1176 (9th Cir. 1969) ("Whenever federal jurisdiction in a removal case depends upon complete diversity, the existence of diversity is determined from the fact of citizenship of the parties named and not from the fact of service."); *Ott v. Consol. Freightways Corp. of Del.*, 213 F. Supp. 2d 662, 664 (S.D. Miss. 2002) ("Further, the law is clear that the citizenship of all named defendants, *whether served with process or not,* must be considered in determining whether complete diversity exists[.]") (emphasis in original).

he left open the question as to whether Eric Blomdahl remained a party or had even been properly servied with the amended complaint.

Accordingly, there is no circuit court order actually dismissing Eric Blomdahl from the case, and the docket sheet submitted with the circuit court record indicates that he *remained* an active party (in contrast to defendants like Laurie Woodward, Amy Marks, Terri Brady, Jackie Lewis, Jill Guzzardo and Jennifer Blomdahl, who are all designated as "withdrawn parties"). (*See* Docket Sheet (dkt. #33-1).) Nor have defendants pointed to any Wisconsin statute, case or state court rule suggesting that dismissal for lack of personal service was automatic upon entry of the Memorandum. This makes it unlike, for example, the situation in *Hertel v. Mortgage Electronic Registration Systems, Inc.*, No. 1:12-CV-174, 2012 WL 4754964 (W.D. Mich. Oct. 4, 2012), in which a local court rule stated that the failure to serve a named defendant timely effected an immediate dismissal of that defendant without further court order. *See id.* at *2-3.

Moreover, in rendering its decision on the plaintiffs' appeal, the Wisconsin Court of Appeals subsequently concluded that because the Memorandum had not used any language explicitly dismissing Blomdahl from the action, that decision was not appealable under Wis. Stat. § 808.03(1). This conclusion strongly supports plaintiffs' position -- that without further action from the circuit court, Blomdahl had not yet been dismissed regardless of the determination that the circuit court lacked personal jurisdiction over him. Thus, as best the court can discern, Blomdahl remained a named defendant in this case at the time of removal. So for diversity purposes, his citizenship matters.

Upon remand, *perhaps* the circuit court will enter an order that explicitly grants defendants' original motion to dismiss and eliminates Eric Blomdahl as a defendant, although it seems unlikely. First, the circuit court appeared willing to take up the question it previously put off deciding: whether service of the *amended* summons and complaint is sufficient to bring Blomdahl back into the suit. Second, both the original and amended complaint describe Eric Blomdahl's central role in the alleged fraudulent scheme, making his continued participation one favored by judicial economy, although not necessarily making him an indispensable, or even a necessary, party under Federal Rule of Civil Procedure 19. *See, e.g., Dou Yee Enters. (S) PTE, LTD. v. Advantek, Inc.*, 149 F.R.D. 185, 188-89 (D. Minn. 1993) (noting the efficiencies of proceeding against more than one active participant in a fraudulent scheme in a single civil trial).

Even if Blomdahl were ultimately dismissed by the state court, however, defendants may again seek to remove this suit (although the court expresses no opinion as to whether any subsequent removal would be proper).[3] At present, however, diversity jurisdiction is at best uncertain, and case law is clear that "[a]ny doubt regarding jurisdiction should be resolved in favor of the states." *Allied-Signal*, 985 F.2d at 911.

---

[3] In particular, the voluntary-involuntary rule might prevent defendants from removing this suit again even if Blomdahl *is* dismissed. Under the voluntary-involuntary rule, which the Seventh Circuit has adopted, suits are removable only if the plaintiff *voluntarily* dismissed a non-diverse defendant from the case. *See Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 71-72 (7th Cir. 1992). Adherence to the rule avoids the "yo-yo effect" that can result from an involuntarily dismissed defendant's reinstatement to the case following success on appeal (which would require remand) and observes deference to the plaintiff's choice of forum while limiting federal jurisdiction. *See id.* at 72. As both plaintiffs and defendants agree, however, there is a split as to whether the rule applies upon dismissal of the non-diverse defendant, "even though contrary to plaintiff's wishes, is based on jurisdictional grounds." *See Gandy v. Crompton*, 55 F. Supp. 2d 593, 596 (S.D. Miss. 1999) (discussing split). In addition, defendants may be prevented from further attempts to remand by the one-year time bar. *See* 28 U.S.C. § 1446(c).

Accordingly, this case will be remanded to the Jefferson County Circuit Court for further proceedings.

ORDER

IT IS ORDERED that:

1) Plaintiffs Mark and Raquel Peters' motion to remand (dkt. #6) is GRANTED.

2) This case is REMANDED to the Jefferson County Circuit Court.

Entered this 30th day of September, 2015.

                      BY THE COURT:

                      /s/
                      _____
                      WILLIAM M. CONLEY
                      District Judge